UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

       Plaintiff,

  v.                                   23-CV-1082-LJV
                                         ORDER

PAUL POWELL,

       Defendant.

---

The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Northeast Ohio Correctional when he commenced this action under 42 U.S.C. § 1983.[1] Docket Item 1. He has sued Paul Powell, a "Town Judge" in Harpursville, New York. *Id.* at 2. Lettieri also has moved to proceed *in forma pauperis* ("IFP"), Docket Item 2, and for an "[i]mmentaney [sic]" trial, Docket Item 3.

Because Lettieri meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, the Court grants his motion to proceed IFP.[2] For

---

[1] On June 14, 2023, a jury found Lettieri guilty of one count of enticement of a minor in violation of 18 U.S.C. § 2442(b). *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023). For several reasons, including his retention of new counsel, he has not yet been sentenced.

[2] Since November 2022, Lettieri has filed more than 70 civil complaints and petitions in this Court. *See In re: David C. Lettieri*, Case No. 23-mc-32, Docket Item 18 (W.D.N.Y. Jan. 19, 2024). After finding that Lettieri has engaged in a pattern of abuse of the judicial process, this Court issued a filing injunction based on his vexatious litigation history. *See id.* Lettieri also has accrued "three strikes," as they are commonly called, *see* 28 U.S.C. § 1915(g), and generally cannot proceed IFP without showing that he is under "imminent danger of serious physical injury," *see, e.g.*, *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023).

Under the prison mailbox rule, however, Lettieri commenced this case before he accrued his third strike. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *see also*

the reasons that follow, however, the complaint is dismissed and Lettieri's motion for a trial is denied as moot.

## **DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

---

*Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). Therefore, the Court grants his IFP motion and screens the complaint.

I.      SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).  Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even a pro se complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" Shibeshi v. City of New York, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In other words, although a pro se complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim.  See id. (concluding that district court properly dismissed pro se complaint under section 1915(e)(2) because complaint did not meet pleading standard in Twombly and Iqbal).  And even pro se pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, see Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in original) (quoting Twombly, 550 U.S. at 555).

Lettieri's complaint is sparse.  It alleges only that Judge Powell "stated it [was] not his job to appoint a lawyer for criminal cases and asked the Broome County Humane Society if [Lettieri] could afford [a lawyer] when stuck in jail."  Docket Item 1 at

5 (some capitalization omitted).  Lettieri says that Judge Powell violated his rights to due process and counsel.  *Id.*

## II. SECTION 1983 CLAIMS

### A. Judicial Immunity

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."  *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (collecting cases).  Judicial immunity is not simply immunity from damages; it is immunity from suit altogether.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This is to ensure "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  Judicial immunity therefore does not give way even to allegations of bad faith or malice.  *Mireles*, 502 U.S. at 11.

In fact, judicial "immunity is overcome in only two sets of circumstances."  *Id.*  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."  *Id.*  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* at 12.

In determining whether a judge's actions are "judicial," the Second Circuit has taken a "functional approach."  *Bliven*, 579 F.3d at 209.  The relevant factors include the nature of the judge's action, whether the action is ordinarily performed by a judge, whether the parties expect the judge to take such action, and whether the parties dealt with the judge in his or her judicial capacity.  *Stump*, 435 U.S. at 362.  "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature."  *Bliven*, 579 F.3d at 210.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"; instead, a judge can "be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley*, 80 U.S. at 351).

Here, Lettieri alleges that Judge Powell questioned whether Lettieri could afford counsel and stated that it was "not his job to appoint" counsel "for criminal cases." Docket Item 1 at 5 (some capitalization omitted).  Judge Powell must have made those statements during a judicial proceeding at the courthouse in Harpursville; otherwise, they could not possibly have affected Lettieri or given him reason to be unhappy about them.  Lettieri's claims therefore are subject to dismissal on the basis of judicial immunity because Lettieri has not alleged that Judge Powell acted outside his judicial capacity or in the absence of all jurisdiction.

### B. Improper Venue

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Lettieri alleges that Judge Powell resides in the Town of Harpursville in Broome County, New York, Docket Item 1 at 2, which is part of the Northern District of New York.  He does not allege that the events giving rise to the complaint occurred in the Western District of New York.  Venue therefore is not proper in this district.

The Court declines to transfer this action to the Northern District because a transfer would not serve the interest of justice.  Lettieri's claim seems to be barred by absolute judicial immunity, and this Court is skeptical that better pleading would change that.  See Jasper v. Fourth Ct. of Appeals, 2009 WL 1383529, at *4 (S.D.N.Y. May 18, 2009) (declining to transfer case because "the complaint lacks merit"); Rodriguez v. Diaz, 2018 WL 10550315, at *3 (S.D.N.Y. Nov. 5, 2018) (declining to transfer case because the plaintiff sued "a [d]efendant who is immune from suit"), aff'd, 777 F. App'x 20 (2d Cir. 2019) (summary order).  Nevertheless, Lettieri's complaint is dismissed without prejudice to refiling in the Northern District of New York.

## CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice under 28 U.S.C. § 1406(a).  Lettieri's motion for a trial, Docket Item 3, is DENIED as moot.  The Clerk of the Court shall close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Any request to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: February 5, 2024
       Buffalo, New York

                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE